Filed 3/19/24  Seth v. Stater Bros. Markets CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| NEERU SETH, | |
| Plaintiff and Appellant, | E080176 |
| v. | (Super.Ct.No. CIVDS2013739) |
| STATER BROS. MARKETS, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Sachs, Judge.  Affirmed.

Pius Joseph and Pius Joseph for Plaintiff and Appellant.

Varner & Brandt, Angelica A. Samaniego and Grant A. Reader for Defendant and Respondent.

1

# I. INTRODUCTION

Plaintiff and appellant Neeru Seth filed a complaint for personal injuries alleging a single cause of action for negligence after falling while inside a grocery store operated by defendant and respondent Stater Bros. Markets. The trial court granted defendant's motion for summary judgment, and plaintiff appeals from the judgment. On appeal, plaintiff argues (1) the trial court erred because evidence offered in opposition to defendant's motion showed a triable dispute of material fact, and (2) the trial court erred when it sustained evidentiary objections to an expert declaration offered in opposition to summary judgment. We conclude that the appellate record is inadequate to review the merits of plaintiff's claims and, as a result, affirm the judgment.

# II. BACKGROUND

In June 2020, plaintiff filed a complaint for personal injury alleging a single cause of action for negligence against defendant. Plaintiff clarified the nature of her allegations in response to interrogatories by stating that she incurred an injury when she slipped and fell while inside defendant's grocery store because the floor was "over-waxed."

In November 2021, defendant filed a motion for summary judgment on the ground that the undisputed facts showed (1) plaintiff lacked any evidence to show defendant had actual or constructive notice of a dangerous condition on its property, and (2) plaintiff lacked evidence to show any failure by defendant to take reasonable precautions, even assuming the existence of a dangerous condition. In support of its motion, defendant submitted a separate statement of undisputed material facts consisting of 15 facts, surveillance video, photographs depicting plaintiff's incident, excerpts from plaintiff's

responses to interrogatories, excerpts from the transcript of plaintiff's deposition testimony, two expert declarations, and copies of defendant's internal policy documents related to maintenance of its store. Each of these items was included as part of the record on appeal with the exception of the surveillance video depicting the incident.

In May 2022, plaintiff filed an opposition to the motion for summary judgment. The register of actions indicates that plaintiff's opposition included a memorandum of points and authorities, a responsive separate statement, objections to defendant's evidence, and a compendium of exhibits. In June 2022, plaintiff filed a separate statement of additional disputed facts in support of her opposition. However, only plaintiff's memorandum, objections, and statement of additional disputed facts are included as part of the record on appeal. In August 2022, the trial court held a hearing on defendant's motion for summary judgment. At the hearing, the trial court sustained evidentiary objections to portions of the expert declaration offered by plaintiff, as well as portions of plaintiff's deposition testimony purportedly consisting of improper opinion testimony; provided the parties with an extensive tentative ruling from the bench; and invited counsel to argue the matter.

The trial court granted defendant's motion and entered judgment in favor of defendant. Plaintiff appeals from the judgment.

### III. DISCUSSION

*A. General Legal Principles and Standard of Review*

" 'The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite

3

their allegations, trial is in fact necessary to resolve their dispute.' " (*Mayes v. La Sierra University* (2022) 73 Cal.App.5th 686, 696.) " 'The trial court properly grants a motion for summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ' " (*Mosley v. Pacific Specialty Insurance Company* (2020) 49 Cal.App.5th 417, 422; Code Civ. Proc., § 437c, subd. (c).)

" 'Appellate review of summary judgment is limited to the facts presented in documents submitted to the trial court. [Citations.] The appellate court exercises its independent judgment regarding the legal effect of undisputed facts disclosed by the parties' papers, utilizing the same three-step analysis required of the trial court. . . . " 'We first identify the issues framed by the pleadings . . . . Secondly, we determine whether the moving party has established facts which negate the opponents' claim and justify a judgment in the movant's favor. Finally, if the summary judgment motion prima facie justifies a judgment, we determine whether the opposition demonstrates the existence of a triable, material factual issue.' " ' " (*Antonopoulos v. Mid-Century Ins. Co.* (2021) 63 Cal.App.5th 580, 593; *Mosley*, *supra*, 49 Cal.App.5th at pp. 422-423; *Mayes*, *supra*, 73 Cal.App.5th at p. 697.)

In this case, plaintiff's complaint asserts a single cause of action for negligence based upon the allegation that she incurred injury as the result of a dangerous condition on defendant's property. "The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158; *Nicoletti v.*

4

*Kest* (2023) 97 Cal.App.5th 140, 145.) Defendant moved for summary judgment on the ground that the undisputed material facts negated the element of duty,[1] and plaintiff does not argue on appeal that defendant's evidence was insufficient to establish a prima facie case for judgment in its favor.[2]

Instead, the only arguments asserted by plaintiff in her opening brief are that (1) the trial court erred in sustaining objections to an expert declaration offered in opposition; and (2) the trial court erred in concluding that the evidence submitted in

---

[1] Specifically, defendant's notice of motion asserted two grounds for summary judgment: (1) it did not owe plaintiff a duty of care because it lacked actual or constructive notice of a dangerous condition or (2) that it took reasonable precautions with respect to the specific condition alleged to constitute a danger in this case. In the context of a premises liability claim, both arguments are directed toward the essential element of duty. (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1203 ["The cases require that an owner must have actual or constructive notice of the dangerous condition before incurring liability."]; *Joshi v. Fitness Internat., LLC* (2022) 80 Cal.App.5th 814, 832 [same]; *Delgado v. Trax Bar & Grill* (2005) 36 Cal.4th 224, 247, fn. 27 ["It is well established that the scope of a defendant's duty . . . *is premised* upon the danger that the defendant *knows or reasonably should anticipate*, and that the defendant's duty is simply to take reasonable steps *in light of those circumstances*."]; *Constance B. v. State of California* (1986) 178 Cal.App.3d 200, 209 ["[T]he duty of the landowner is only to take reasonable precautions against risks which are or should be recognized."].)

[2] Because plaintiff's opening brief does not assert any argument regarding the sufficiency of defendant's evidence to make an initial prima facie showing and shift the burden on summary judgment, we need not analyze this issue on appeal. (*Hodges v. Cedars-Sinai Medical Center* (2023) 91 Cal.App.5th 894, 904 [On summary judgment, "our review is limited to contentions adequately raised and supported in plaintiff's brief."]; *Schmidt v. Bank of America, N.A.* (2014) 223 Cal.App.4th 1489, 1511 [" 'Although our review of a summary judgment is de novo, it is limited to issues which have been adequately raised and supported in plaintiffs' brief. . . . Issues not raised in an appellant's brief are deemed waived or abandoned.' "]; *Fritelli, Inc. v. 350 North Canon Drive, LP* (2011) 202 Cal.App.4th 35, 41 ["Although we independently review the grant of summary judgment to determine the existence of triable issues of fact," we "assess the propriety of summary judgment in light of the contentions raised in [appellant's] opening brief."].)

opposition failed to show a material dispute of fact. Because both of these arguments involve only the determination of whether a material dispute of fact exists, our review on appeal concerns only the third step of the summary judgment analysis. However, for reasons set forth below, we conclude that plaintiff has failed to provide an appellate record adequate to review the merits of her claims and, as a result, we affirm the judgment.

*B. The Record Is Inadequate To Determine Whether Plaintiff's Evidence Showed a Triable Dispute of Material Fact*

" ' "[A]lthough we use a de novo standard of review [on an appeal from summary judgment], we do not transform into a trial court." ' [Citation.] We approach a summary judgment appeal, as with any appeal, with the presumption the appealed judgment is correct. [Citation.] Therefore, ' " '[o]n review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court.' " ' " (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684; 640 *Octavia*, *LLC v. Pieper* (2023) 2023 WL 4759217.) "This is so because it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed. . . . [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate

6

record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Id.* at p. 609.)

In this case, the first two arguments advanced in the opening brief argue that the trial court erred because the evidence presented in opposition showed triable dispute of material fact precluding summary judgment. However, the record on appeal does not include plaintiff's responsive separate statement. Thus, we have no basis to determine which of defendant's facts plaintiff disputed in the trial court or what evidence she identified for the trial court as a basis to dispute any specific fact.[3]

Further, the record on appeal does not include any of the evidence submitted as part of the compendium of exhibits plaintiff submitted in opposition to the motion for summary judgment.[4] Plaintiff has provided us with a copy of the opposition memorandum and separate statement of additional disputed facts that she submitted to the trial court, but both of these documents cite almost exclusively to the declaration of plaintiff's expert and excerpts from the deposition testimony of defense experts as the

---

[3] The record on appeal includes the reply brief submitted by defendant to the trial court, which purports to summarize the facts disputed by plaintiff in her responsive separate statement. The reply suggests that plaintiff conceded some of the 15 facts proffered by defendant in support of summary judgment while purporting to dispute other facts. However, the reply brief does not disclose the specific evidence cited by plaintiff in order to dispute any of the facts.

[4] When electing to proceed with a clerk's transcript as the record on appeal, "all exhibits admitted in evidence, refused, or lodged are deemed part of the record, but a party wanting a copy of an exhibit included in the transcript must specify that exhibit by number or letter in its notice of designation." (Rules of Court, rule 8.122(a)(3).) Plaintiff's notice designating the record on appeal requested the inclusion of "Plaintiff's Evidence in Opposition to MSJ" but did not otherwise identify the specific exhibits to be included as required by the Rules of Court.

evidence showing a purported dispute of material fact. Because the declaration and deposition testimony have not been provided for our review, we cannot assess the merits of plaintiff's claim that this evidence was sufficient to preclude summary judgment.

Without a copy of plaintiff's responsive separate statement or any of the evidence submitted by plaintiff in opposition to the motion for summary judgment, this court cannot determine what facts were actually disputed in the trial court proceedings and cannot determine whether plaintiff's evidence showed a material dispute of fact precluding summary judgment. It was plaintiff's burden, as the appellant, to provide an appellate record adequate to review the merits of her claims. Absent an adequate record, the appellant defaults and we presume the trial court's judgment is correct.

C. *The Record Is Inadequate To Review Plaintiff's Claim of Error Regarding the Trial Court's Evidentiary Rulings*

We also conclude that the record is inadequate to review plaintiff's contention that the trial court erred in sustaining objections to her expert's declaration. We briefly note that the standard of review applicable to a trial court's evidentiary rulings in the context of summary judgment is unsettled. "[M]ost appellate courts apply an abuse of discretion standard of review to the trial court's evidentiary rulings . . . in the context of a summary judgment motion." (*Strobel v. Johnson & Johnson* (2021) 70 Cal.App.5th 796, 816; *Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 852 ["According to the weight of authority, appellate courts 'review the trial court's evidentiary rulings on summary judgment for abuse of discretion."].) However, some courts have concluded that the independent or de novo standard of review is more appropriate. (*Strobel*, at p. 817;

*Pipitone v. Williams* (2016) 244 Cal.App.4th 1437, 1451 [Because evidentiary issues on summary judgment are "decided on papers alone," de novo review should apply.].) We need not resolve this split of authority because regardless of which standard of review applies, we conclude the record is inadequate to review the merits of plaintiff's claim.

As we have already pointed out, the expert declaration submitted by plaintiff in opposition to summary judgment was not included as part of the record on appeal. In fact, the respondent's brief expressly argued that this expert declaration was not included as part of the record on appeal. Despite this, plaintiff ignored this point in her reply brief. Regardless of the applicable standard of review, this court cannot assess the merits of plaintiff's claim the trial court erred in its evidentiary ruling absent a copy of the declaration for review. Because the record is inadequate to review this claim, we presume the trial court's evidentiary ruling was correct and the claim must be resolved against plaintiff on appeal.

## IV. DISPOSITION

The judgment is affirmed. Respondent to recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

MILLER
Acting P. J.

RAPHAEL
J.

9